**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LORI SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. Unassigned (Removal from |
| v. | ) | Circuit Court of Lake County) |
| | ) | |
| BOARD OF EDUCATION FOR WAUKEGAN | ) | |
| PUBLIC SCHOOL DISTRICT #60, | ) | |
| WAUKEGAN PUBLIC SCHOOL DISTRICT | ) | |
| #60; THERESA PLASCENCIA, AND | ) | |
| EDWARD CESARIO | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Board of Education for the Waukegan Community Unit School District 60 (incorrectly named as the Board of Education for Waukegan Public School District 60), Waukegan Public School District #60, and Theresa Plascencia[1], by their attorneys, Linda K. Horras and Thaddeus A. Harrell of Hinshaw & Culbertson LLP, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1367, hereby remove the above-captioned action from the Nineteenth Judicial Circuit in and for Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and state as follows:

I.      Nature of the Removal Action

1.      On July 18, 2019, Plaintiff Lori Smith, filed a four-count, Verified Complaint, against Defendants, Board of Education for the Waukegan Community Unit School District 60 (incorrectly named as the Board of Education for Waukegan Public School District 60), Waukegan Public School District #60, and Theresa Plascencia (collectively "Defendants"). Eduardo Cesario was not named as an original defendant and was only recently added with the

---

[1] As of the Notice, Defendant Edward Cesario has not been served with the Second Amended Verified Complaint.

filing of Plaintiff's second amended complaint. He has not been served with a summons or the second amended complaint.

2.    Plaintiff's original complaint was brought under the Illinois Whistleblower Act (Count I), breach of contract (Count II), breach of implied contract (Count III), and declaratory judgment (Count IV). The case was filed in the Nineteenth Judicial Circuit in and for Lake County, Illinois, and assigned to the Honorable Judge Daniel Jasica, case number 19-L-000508.

3.    On August 14, 2019, Defendants filed their Motion to Dismiss Plaintiff's Verified Complaint. On October 17, 2019, the Court dismissed Counts I and III, with leave of court, for Plaintiff to file an amended complaint.

4.    On November 26, 2019, Plaintiff filed her Amended Verified Complaint. The Amended Verified Complaint repeated the same counts alleged in the original Verified Complaint. On December 19, 2019, Defendants filed their Motion to Dismiss Plaintiff's Amended Verified Complaint.

5.    On February 25, 2020, the Equal Employment Opportunity Commission ("EEOC"), dismissed Plaintiff's Charge of Discrimination and issued a Notice of Right to Sue relevant to Plaintiff's allegations of discrimination under Title VII of the Civil Rights Act of 1964, as amended, along with a claim for retaliation.

6.    On May 8, 2020, Plaintiff filed her Second Amended Verified Complaint against Defendants, asserting ten individual counts, some under Illinois statutes, some under Illinois common law and a number of new claims brought under several federal statutes. Specifically, Plaintiff asserts a violation of the Illinois Whistleblower Act (Count I), breach of contract (Count II), breach of implied contract (Count III), relief in the form of a declaratory judgment (Count IV), discrimination under Title VII of the Civil Rights Act of 1964 (42 USC 2000e *et seq*)

2

(Count V), discrimination under the Illinois Civil Rights Act of 2003 (Count VI), discrimination under Title IX of the Education Amendments Act of 1972 (20 U.S.C. §§1681 *et seq.*) (Count VII), discrimination under 42 U.S.C. 1981 (Count VIII), discrimination under 42 U.S.C. 1983 (Count IX), and common law retaliatory discharge (Count X).

7.      In accordance with 28 U.S.C. § 1446(a), copies of the docket sheet and all process, pleadings, and orders served on Defendants in the state court action are attached as Exhibit A.

## II.     Timeliness of Removal

8.      Plaintiff filed and served Defendants with her Second Amended Verified Complaint on May 8, 2020. Prior to filing her Second Amended Verified Complaint, Plaintiff only alleged state law claims. It was only upon filing her Second Amended Verified Complaint that Plaintiff, for the first time, pled facts and claims arising under multiple federal laws.

9.      In accordance with 28 U.S.C. § 1446(b), this notice of removal is timely filed within 30 days of service of Plaintiffs' Second Amended Verified Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

10.     Defendants have not responded to the Second Amended Verified Complaint in state court.

## III.    Propriety of Venue

11.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district. Filing in the Eastern Division is proper because this case is removed from Lake County, which is within the Eastern Division of the Northern District of Illinois.

1023019\305704109.v1

IV.     Basis for Removal

12.     Removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims present a substantial federal question under Title VII, Title IX, Section 1981, and Section 1983. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, the Court maintains supplemental jurisdiction over the remaining state law claims under § 1441.

V.     Other Matters Related to Removal

13.     Written notice, pertaining to the filing of this Notice of Removal, has been delivered to Plaintiff, Lori Smith, through her attorney, Steven E. Glick, Esq., Steven E. Glink, Esq., 3338 Commercial Avenue, Northbrook, Illinois 60062; steve@educationrights.com.

14.     A copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of the Nineteenth Judicial Circuit in and for Lake County, Illinois, where this action was originally filed.

15.     The undersigned certifies that Defendants consent to the removal of this action from the Circuit Court of the Nineteenth Judicial Circuit in and for Lake County, Illinois to the United States District Court, Northern District of Illinois.

WHEREFORE, Defendants remove this action, pending in the Circuit Court of Lake County, Docket No. 19-L-000508, to this Court.

1023019\305704109.v1

Attorneys for Defendants - Board of Education for the Waukegan Community Unit School District 60; Waukegan Public School District #60; and Theresa Plascencia

**HINSHAW & CULBERTSON LLP**

By: *[s[Linda K. Horras*
One of Their Attorneys

Linda K. Horras, ARDC 6200203
lhorras@hinshawlaw.com
Thaddeus A. Harrell, ARDC 6328871
tharrell@hinshawlaw.com
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Phone: 312-704-3000
Fax: 312-704-3001

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically filed this **Certificate of Service** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system reflecting service of **Notice of Removal** to be served on:

ALL ATTORNEYS OF RECORD

.

*[s[Cheree Woods*

5

**IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICAL CIRCUIT**
**LAKE COUNTY ILLINOIS**
**LAW DIVISION**

| | |
|---|---|
| **LORI SMITH,** | )   **Case No.: 19 L 508** |
|        Plaintiff, | ) |
| | ) |
|    vs. | ) |
| | ) |
| **BOARD OF EDUCATION FOR** | ) |
| **WAUKEGAN PUBLIC SCHOOL** | ) |
| **DISTRICT # 60, WAUKEGAN PUBLIC** | ) |
| **SCHOOL DISTRICT #60; THERESA** | ) |
| **PLASCENCIA and EDUARDO** | ) |
| **CESARIO.**     Defendants | ) |

## SECOND AMENDED VERIFIED COMPLAINT

Now comes the plaintiff, Lori Smith, by and through her attorney, Steven E. Glink, complaining against the defendants, states as follows:

### INTRODUCTION

This case seeks damages for violations of the following laws and legal theories:

a) Title VII of the US Code 42 USC 2000-e which prohibits discrimination in employment based on race and/ or sex. Title VII also prohibits retaliation for reporting discrimination in employment;

b) Title IX of the US Code 20 USC 1681 et seq. which requires sexual equality by entities that are recipients of federal funds;

c) 42 USC 1981, which prohibits racial discrimination in the making or enforcement of contracts;

-1

d) 42 USC 1983 which prohibits the violation of a person's civil rights by persons or municipality's acting under color of law;

e) The Illinois Human Rights Act, 775 ILCS 5/1-102 (A) which prohibits discrimination in employment based on sex and race. The Act also prohibits retaliation for reporting or opposing discrimination (775 ILCS 5/6-101 (A);

f) Illinois Civil Rights Act of 2003, 740 ILCS 23/5 (a) (1) and (2), which prohibits units of local government from racial discrimination;

g) Common law retaliatory discharge;

h) Illinois Whistleblower Act (IWA), 740 ILCS 174, et seq.;

i) Breach of written contract;

j) Breach of contract by operation of law; and

k) Declaratory judgement.

## **THE PARTIES**

1. Lori Smith was an employee of the defendant board of education (BOE) / school district # 60.

2. Waukegan Public School District # 60 (the district) is a body politic/ political subdivision of the State of Illinois created pursuant to the Illinois School Code and has all rights, powers and duties defined under Illinois law.

3. The Board of Education (BOE) is a group of citizens duly elected pursuant to Illinois law to operate the school district and serve as governmental officials in that capacity.

4. Defendants' business office in located in Waukegan, Lake County, Illinois.

5. At all times relevant to this complaint, Theresa Placensia was employed by the BOE as the superintendent of the district. As superintendent, Ms. Plascencia was charged with the legal responsibilities of running the day to day operations of the district and any other duties prescribed by statute.

6. At all times relevant to this complaint, beginning November, 2018 Eduardo Cesario was employed by the BOE as the district's Deputy Superintendent.

**FACTS COMMON TO ALL COUNTS**

7. At all times relevant to this complaint, plaintiff was employed by the defendant as the district's Director of Diverse Learners.

8. Plaintiff's position as the Director of Diverse Learners commenced on 9/10/18, was approved by the BOE on 9/11/18 and was to last for 12 months at a salary of $125,000 (defendants' letter confirming plaintiff's employment is attached as exhibit A).

9. Plaintiff's position as Director of Diverse Learners required her to hold a professional educator's license.

10. Plaintiff did in fact hold a professional educator's license as required by the Illinois School Code.

11. Prior to 4/12/19, plaintiff had openly criticized and chastised other district employees for what plaintiff reasonably believed to be violations of students' rights under the IDEA, a federal special education law FERPA, a federal student records law and the Illinois Student School Records Act.

12. Plaintiff's criticism and resistance to these illegal practices was known to Plascencia and Cesario before 4/12/19.

13. On 3/19/19, plaintiff discussed the possibility of filing a Title IX complaint with school district attorney Kristine Shrode.

14. On 4/12/19, plaintiff had a conversation with the district's / the board' general counsel Tom Morris, wherein plaintiff informed Morris of her Title IX and other complaints.

15. On 4/23/19, attorney Morris accepted plaintiff's aforementioned oral complaints for investigation under board policy 2110 (Uniform Grievance Policy) (email from Mr. Morris is attached as exhibit B).

16. Pursuant to policy 2110 (attached as exhibit C), all complaints filed are to be investigated in consultation with the board president.

17. On April 25, 2019 at approximately 3:30 pm, plaintiff was informed by defendant Cesario that, effective  July 19, 2019, she was being terminated from her position as Director of Diverse Learners.

18. Deputy Superintendent, Eduardo Cesario, in the presence of WPS 60 General Counsel Mr. Thomas Morris, stated that plaintiff was being removed as director of diverse learners because her position was "interim."

19. The plaintiff notified both parties that she was not "interim" as stated, and has since, shown proof of such.

20. Plaintiff stated in said meeting that she felt she was being retaliated against due to having filed a Title VII complaint and other complaints with  the district's General Counsel Mr. Morris two days prior (i.e. on April 23, 2019).

21. Plaintiff was later informed that she was going to be reclassified as a teacher and that her teacher salary starting August, 2019 was going to be reduced

-4-

from $125,000 to $79,000, even though there were and still are other administrative positions available for which plaintiff was properly qualified and certified.

22. Plaintiff directly and through counsel contacted defendants' counsel on June 25, by email objecting to defendants' actions. Defendants, through their counsel persisted in its decisions (a copy of this email string is attached as exhibit D).

23. Plaintiff's demotion and reduction in salary was not based on poor performance and/or misconduct.

24. Plaintiff participated in an internal investigation into her complaints conducted by attorneys from the Law firm of Robbins Schwartz, et al on 6/19/19.

25. Plaintiff filed an amended discrimination charge with the EEOC on 10/16/19 (attached as exhibit E). The original charge was on or about July, 2019.

26. On 2/25/20, the EEOC issued a right to sue letter to the plaintiff (attached as ex. F). The letter was received by plaintiff on 3/5/02.

27. This amended complaint is filed within 90 days from the date that the right to sue letter was received by plaintiff.

## OUNT I-VIOLATION OF THE ILLINOIS WHISTLEBOWER ACT

28. Plaintiff incorporates her allegations in paragraphs 1-27 as her allegations for this count.

29. The school district and the BOE are employers as defined by section 5 of the IWA.

30. Plaintiff is an employee as defined in section 5 of the IWA.

31. On numerous occasions throughout the 2018-2019 school year, plaintiff notified the defendants of   numerous illegal practices by other named employees of the district. Specifically, plaintiff notified defendants that other employees were violating students' rights under the IDEA, 20 U.S.C. 1400, et. Seq. and 105 ILCS 14.08. FERPA and the ISSRA.

32. Plaintiff also complained to defendants about what she reasonably believed was racial discrimination against her.

33. Plaintiff also opposed all of these illegal practices, especially violations of special education laws.

34. Section 10 of the IWA prohibits the employer from enforcing any rule, regulation or policy preventing an employee from disclosing information to a government agency that the employee reasonably believes discloses a violation of a federal or state law, rule or regulations.

35. Plaintiff was directly notified by defendant Superintendent Plasencia that plaintiff was not to have any communication with the Board of Education (email attached as exhibit G).

36. Section 15 (a) of the IWA prohibits an employer from retaliating against an employee who discloses information at any proceeding that the employee reasonably believes is a violation of any federal or state law, rule or regulation.

37. Section 15 (b) of the IWA prohibits an employer from retaliating against an employee who discloses information to a government agency that the

employee reasonably believes is a violation of any federal or state law, rule or regulation.

38. Section 20.1 of the IWA provides that any other act or omission that is materially adverse to a reasonable employee and is because of the employee's disclosure or attempt to disclose public corruption or wrongdoing is illegal retaliation whether or not the act or omission occurs within or outside of the workplace.

39. In this case, plaintiff reported, disclosed and/or complained about actions, policies and practices that she reasonably believed to be illegal to all of the defendants.

40. In response to and in retaliation for plaintiff's speaking out on these matters of public concern, in violation of the IWA, the defendants terminated plaintiff as the Director of Diverse Learners and unilaterally lowered her salary by $46,000.

41. Defendants' actions violated plaintiff's rights under the IWA.

42. Defendants' actions also violated plaintiffs' rights to due process and equal protection under the Illinois Constitution.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor and against the defendants jointly and severally in an amount in excess of $46,000.00 plus costs and reasonable attorney's fees.

## COUNT II-BREACH OF WRITTEN CONTRACT

43. Plaintiff realleges her allegations in paragraphs 1-27 above as her allegations for this count.

44. Plaintiff had an enforceable employment contract for one year as the Director of Diverse Learners with the stated salary of $125,000.00.

45. Defendants' actions in unilaterally terminating plaintiff as Director of Diverse Learners prior to 9/19/19 breached plaintiff's employment contract.

46. Defendants' actions have caused injury to plaintiff in the form of lost wages ($46,000), and loss of family insurance coverage.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor against the defendants, jointly and severally in an amount in excess of $46,000.00 plus costs and reasonable attorney's fees.

### COUNT III-BREACH OF CONTRACT BY OPERATION OF LAW

47. Plaintiff realleges her allegations in paragraphs 1-44 above as her allegations for this paragraph.

48. . Board policy 4001 (attached as exhibit H) prohibited retaliation against any employee who files a complaint for discrimination or against any employee who opposes illegal practices within the district.

49. Board policy 4002 (attached as exhibit I) prohibits harassment of any employee based on the employee's membership in a protected class.

50. The above-described actions by the defendants violated policy 4001 because unilaterally terminating plaintiff's position as Director of Diverse Learners shortly after her complaints was retaliatory.

51. The above-described actions by the defendants violated policy 4002 because plaintiff was harassed based on her race and in retaliation for filing a Title IX and a Title VII complaint.

52. These policies create enforceable contract rights because the defendants intended that their employees, including plaintiff, would rely on these police AND because plaintiff did in fact rely on these policies when she made her complaints and participated in defendants' process.

53. As a direct and proximate breach of the contract by defendants, plaintiff has suffered economic loss in the form of lost wages and lost benefits, including but not limited to loss of individual and family insurance coverage; loss of TRS service credit and loss of TRS pension contributions by her employer.

54. Plaintiff has suffered severe professional hardship due to the subsequent retaliatory termination of her position, and the stigma that follows her while interviewing for other private and or public positions, which she is highly qualified for.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor and against the BOE and the District in the amount of $200,000.00 plus costs.

## **COUNT IV-DECLARATORY JUDGMENT**

55. This count is brought pursuant to 735 ILCS 5/2- 701 et seq.

56. Plaintiff realleges her allegations in paragraphs 1-12 and 32-46 as her allegations for this count.

57. On June 12, 2019, defendant Plascencia, issued an all staff email stating that the BOE had an approved a 4% raise effective 7/1/18 for the 2019-2020 fiscal school calendar year (effective August 1, 2019)..

58. Plaintiff was a member of the group that was the beneficiary of the BOE's vote to raise salaries by 4%.

59. Plaintiff did not receive the 4% raise after the date she was terminated as the district's director of diverse learners.

60. Defendants deny that the plaintiff was entitled to the 4% raise.

61. The plaintiff's allegations demonstrate that there is a case and a controversy between the parties.

Wherefore, plaintiff respectfully prays that this Honorable Court declare the rights and responsibilities of the parties and order that plaintiff receive all salary and benefits she was legally entitled to including the 4% salary increase she was to have received for the 2019-2020 school year as stated in an email by Ms. Plascencia.

## **COUNT V-VIOLATION OF TITLE VII**

62. Plaintiff realleges all of her allegations in counts 1-46 as her allegations for this count.

63. The school district has a very high percentage of students and community members that are African American or Hispanic.

64. Plaintiff is white.

65. On more than one occasion, members of the community as well as some African American district employees complained to the superintendent (defendant Plascencia) and the board of education that plaintiff was a racist.

66. Plaintiff repeatedly denied those accusations and presented the superintendent and the BOE with factual information to refute those accusations of racism.

67. In spite of their receipt of factual information, neither the superintendent nor the BOE ever defended plaintiff from these false accusations of racism.

68. The BOE has a custom, policy or practice of hiring staff that are reflective of the school's / community's racial and/or ethnic composition.

69. The termination of plaintiff's employment was based on her race and in retaliation for complaining about false accusations that plaintiff was a racist in violation of Title VII.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor against the defendants jointly and severally in the maximum amount allowed by law plus costs and attorney's fees.

## COUNT VI- ILLINOIS CIVIL RIGHTS ACT OF 2003

70. Plaintiff realleges her allegations in paragraphs 1-69 as her allegations in this county.

71. The ICRA prohibits units of local government from racial discrimination.

72. Defendants BOE and the district are units of local government as defined by the ICRA.

73. The facts alleged above demonstrate that the defendants violated the plaintiff's rights under the ICRA.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgement in her favor against the defendants, jointly and severally in an amount in excess of $250,000 plus costs and attorney's fees.

## **COUNT VII-VIOLATION OF TITLE IX**

74. Plaintiff realleges her allegations in paragraphs 1-69 as her allegations in this count.

75. Title IX provides, in essence, that no person, on the basis of sex, shall be excluded from participation or denied the benefits of or be subjected to discrimination in any educational program or activity by a recipient of federal funds.

76. The BOE and/or the district are covered entities as they are recipients of federal funds.

77. After plaintiff's employment as the director of diverse learners was terminated by defendant Cesario, the plaintiff was invited to re-apply for that same position.

78. Prior to the start of the interview process, plaintiff complained that the hiring committee was biased because one of the members of the panel had a direct and personal conflict of interest related to her own son and the Department of Diverse Learners.

79. Defendants never responded to plaintiff's accusation that this panelist was biased against her and said panelist was still allowed to be a part of the hiring committee, thereby showing defendants' extreme personal bias against the plaintiff by not providing a fair and impartial interview process.

80. At the time she re-applied for the position of diverse learners, plaintiff had over 20 years' experience in special education and as an administrator.

81. After the defendants completed their interview process, they hired a male candidate for the director of diverse learners position that was less experienced and less qualified as the plaintiff.

82. Defendants' decision to hire the less qualified male candidate was motivated by their decision to have a man for that position.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgement in her favor and against the defendants, jointly and severally in an amount in excess of $250,000 plus costs and attorney's fees.

## COUNT VIII- RACIAL DISCRIMINATION IN VIOLATION OF 42 USC 1981

83. Plaintiff realleges her allegations in courts 1-69 as her allegations for this count.

84. This federal law provides, in summary, that the right to make and enforce contracts shall not impaired based on race.

85. The allegations above demonstrate that plaintiff's right to make and enforce her contract as the director of diverse learners was impaired based on her race because one of the reasons she was terminated from that position was because some African American members of the public as well as some African American district employees falsely complained to the BOE and to Plascencia that plaintiff was a racist.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgement in her favor against the defendants in an amount in excess of $250,000 plus costs and attorney's fees.

## **COUNT IX-VIOLATION OF 42 USC 1983**

86. Plaintiff realleges her allegations in paragraphs 1-69 as her allegations in this count.

87. This law provides, in summary, that any person who acts under color of law and deprives a person of any right guaranteed by law shall be liable to that person for damages.

88. At all times relevant to this complaint, all defendants acted under color of law as defined by this statue.

89. At all times relevant to this complaint, Title VII prohibited defendants from discriminating against the plaintiff in her employment based on her race.

90. Title VII, the IWA and the ICRA as well as the cited board policies also protected plaintiff from any adverse job action in retaliation for opposing what she reasonably believed to be illegal practices.

91. In addition, at all times relevant to this complaint, Title IX prohibited defendants from denying plaintiff the position of director of diverse learners based on her sex.

92. The allegations of this complaint demonstrate that the individual defendants, while acting under the color of law violated plaintiff's rights in one or more of the following ways:

   a) Unilaterally terminated her employment as director of diverse learners on 4/25/19 based on her race;

    b) Unilaterally terminated her employment as director of diverse learners on 4/25/19 in retaliation for opposing what she reasonably believed to be illegal practices;

    c) Failed to re-hire her as the director of diverse learners based on her sex.

93. Plaintiff's allegations also demonstrate that the BOE and/or the district had a custom, practice or policy of preferential treatment in the hiring or retention of minority employees..

    Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgement in her favor against the defendants, jointly and severally in excess of $250,000 plus costs and attorney's fees.

## COUNT X-RETALIATORY DISCHARGE

94. Plaintiff realleges her allegations in paragraphs 1-69 as her allegations in this count.

95. The defendants have always perceived plaintiff as an employee at will.

96. The BOE formally terminated plaintiff's employment on 9/ 24/19.

97. The plaintiff was discharged from her employment because: (a) she complained about what she reasonably believed to be illegal practices concerning the delivery of special education services to students; (b) direct and purposeful denial of IDEA rights for students by administration (c) she complained about being a victim of racism and harassment and (d) she complained about being a victim of sex discrimination.

98. Discharging the plaintiff as an employee in retaliation for complaining about the above matters is a clear violation of the mandates of Illinois public policy.

Wherefore, plaintiff respectfully prays that this Honorable Court enter a judgement in her favor, against the defendants jointly and severally in an amount in excess of $250,000 plus costs and attorney's fees.

Respectfully submitted,

By: s/ Steven Glink
STEVEN E. GLINK

Steven E. Glink, ARDC # 6180869
Attorney for Plaintiff
3338 Commercial Avenue
Northbrook, Illinois 60062
847/480-7749 (voice)
847/480-9501 (facsimile)



**Waukegan Community Unit School District No. 60**
**Human Resources Division**
*Mr. Angel G. Figueroa, Associate Superintendent of Human Resources & Employee Benefits*
*"...providing human resources support for all internal stakeholders to empower our students for*
*success."*

September 19, 2018

Ms. Lori Smith
660 Woodhollow Lane
Buffalo Grove, IL 60089

Dear Ms. Smith:

Contingent upon Board of Education approval for this position and a successful reference and background check, this letter is to extend and confirm our offer of employment with Waukegan Community Unit School District No. 60 as the **Interim Director of Diverse Learners @ Lincoln Center, 12 month position.** The following information details our offer:

**Compensation** – Your annual base salary will be $125,000. This salary will be paid on the 15th and the last day of each month.

**Benefit Information:**

**Health Insurance** - You are eligible to elect coverage based on the four District health care plans. **You have 30 days to enroll in a health care plan.**

**Dental Insurance** - You and your dependents would be eligible to elect coverage on the first day in the position.

**Holidays** - You would be eligible for holiday pay.

**Vacation** – You are entitled to 160 vacation hours for the school year. (prorated 129 hours)

**Sick Leave** – You are entitled to 140 sick hours per school year. (prorated 113 hours)

**Personal Days** – 16 personal hours per year are allowed. (prorated 13 hours)

**Life Insurance** - You will receive $70,000 term life insurance paid for by the District.



PLAINTIFF'S
EXHIBIT
A

Waukegan Public Schools
Community Unit School District No. 60
1201 N. Sheridan Road, Waukegan, IL 60085
224.303.1020 tel| 224.399.8570 fax
www.wps60.org

**AN EQUAL OPPORTUNITY EMPLOYER**

Waukegan Community Unit School District 60 offers employment opportunities without regard to age, gender, race, color, national origin, religion, marital or military/veteran status, sexual orientation, parental status, genetics or disability.

Ms. Lori Smith
Page 2


Your first day of work will be September 14, 2018.

If you have any questions or concerns, please free to contact me at 224.303.1020.

Congratulations!

Best Regards,

Angel G. Figueroa
Associate Superintendent
of Human Resources and
Employee Relations

cc:     Kleros-Rosales, Vicki
        Human Resources
        File

AN EQUAL OPPORTUNITY EMPLOYER

Waukegan Community Unit School District 60 offers employment opportunities without regard to age, gender, race, color, national origin, religion, marital or military/veteran status, sexual orientation, parental status, genetics or disability.

## Steve Glink

| | |
|---|---|
| **From:** | Lori Smith <lcurry9207@gmail.com> |
| **Sent:** | Thursday, October 17, 2019 11:16 AM |
| **To:** | Steve Glink |
| **Subject:** | Fwd: Discrimination Charge |

Begin forwarded message:

**From:** Lori Smith <losmith@wps60.org>
**Date:** April 23, 2019 at 4:51:44 PM CDT
**To:** Thomas Morris <tmorris@wps60.org>
**Subject: Re: Discrimination Charge**

Hi Tom,
My apologies for the delay. You captured the majority of our conversation well yet there are certain points that need clarification or some further expounding upon. To be transparent I have spoken with an attorney who has yet to be retained but the intent is retention this week. He has a copy of my draft letter of complaint and will be the primary point of contact once officially retained. His name is Ross Peters.
I don't know if this email is sufficient for the time being to show my intent to file an official complaint.
Thanks Tom.

Lori Smith
Director of Diverse Learners
Waukegan Public School District 60

On Apr 23, 2019, at 4:41 PM, Thomas Morris <tmorris@wps60.org> wrote:

Lori,

Since our meeting on April 12th, I have received no writings from you summarizing the complaints you reported and their basis for possible charges against Mr. Cesario and the Board of Education for reverse discrimination. I was thinking that I would get a written follow up either from you or from an attorney you engaged. An actual writing is helpful because it assures that all charges are identified and your point of view is clearly and properly understood. Of course, as I understand, an actual writing is not mandatory in order to start the investigation process. The passage of time since our meeting is making me feel uncomfortable as it may appear that I am dropping the ball.

1



I am going to try to capture what I took from our conversation, and if I have misstated or omitted something, please correct me and clarify as you see fit. You reported that Mr. Cesario had become unsupportive and hostile, recently yelling loudly at you during a one on one meeting. You said there was a witness in the hallway who overheard this interaction, but a name was not provided. At one point, you mentioned Mo Buti, but I am not clear whether Mo is that witness or just a person who can generally confirm the hostile relationship that you described. You were unsure why Mr. Cesario was now opposing you and speculated that the unfair accusations of others against you had caused this shift in his viewpoint.

You also mentioned the hostile atmosphere where you feel that you are being unjustifiably attacked by a group of African-American educators, including Dr. Charmaine Hillary, Bridget Dotson, Carol May and Nicole Session, as well as some community members such as Dawn Johnson and Dr. Harlene Shipley who criticize you unfairly and promote a campaign against you. You think that the Board has been too tolerant of their defamatory speech and allowed and in some cases promoted unjustified attacks against white educators in general. You said that you were "set up" at the community forum and that your views and statements were not interpreted fairly. You believe that the positions you have taken on matters such as the approval of PD requests, maintenance of student confidentiality, and adherence to the IEP process and IDEA requirements generally are justified by the law and regulation and do not connote a bias or discriminatory motive against African-Americans in particular or any other group or category of individuals.

If I have omitted any other persons or material arguments, please let me know so that I can determine how best to proceed. As well, if I have misunderstood your wishes or thinking, please correct me. I just want to accurately capture your concerns. Again, if this is something that you would prefer your attorney handle or discuss, just share a name and I will reach out to him or her.

If I don't hear from you, I will assume that I have captured the main points. I know you are out due to family issues, and some time may be needed for you to respond. So, I will wait for a little longer, but not indefinitely.

A copy of the relevant grievance policy is attached for your reference. Thank you.

Tom

<2110 Uniform Grievance Procedure FINAL March 28 2017.pdf>

2

**WAUKEGAN COMMUNITY SCHOOL DISTRICT NO. 60**      **2110**

## Uniform Grievance Procedure

### POLICY

A student, parent, employee or community member should notify the District's Coordinator for Nondiscrimination (Coordinator) or other Complaint Manager of good faith beliefs that his or her right to be free from discrimination or harassment based on a legally protected category has been violated under State or federal law. This includes complaints regarding any one of the following:

1. *Title II of the Americans with Disabilities Act Amendment Act* (disability discrimination);

2. *Title IX of the Education Amendments Act of 1972*, (gender discrimination/harassment, gender equity);

3. Section 504 of the *Rehabilitation Act of 1973* (disability discrimination);

4. *Title VI of the Civil Rights Act* (discrimination/harassment based on race, color, or national origin);

5. *Title VII of the Civil Rights Act* (employment discrimination);

6. *Illinois Human Rights Act* (discrimination related to employment or access to public accommodations, sexual harassment);

7. *Equal Pay Act of 1963 and Illinois Equal Pay Act of 2003* (gender discrimination in wages for substantially similar work);

8. *Illinois Genetic Information Privacy Act/Genetic Information Nondiscrimination Act*, Titles I and II (misuse of genetic information);

9. *Victims' Economic Security and Safety Act* (employment discrimination based on a person being a victim of domestic or sexual violence); or

10. *Employee Credit Privacy Act* (employment discrimination based on an individual's credit history when not a *bona fide* job qualification).

Complaints of student bullying will be investigated pursuant to the District's "Prohibition Against Bullying" policy 6046. Other complaints should be filed, and will be investigated, in accordance with the procedure set forth in the applicable District policy or State or federal law.

Efforts to resolve complaints without resorting to this grievance procedure may be made in the first instance. This includes reasonable screening of the complaint for applicability under this procedure and referral as appropriate. However, if a formal complaint is filed under this procedure, the assigned Complaint Manager will address the complaint promptly and equitably. A student and/or parent filing a complaint under this procedure may forego any informal suggestions and/or attempts to resolve it and may proceed directly to the grievance procedure.

**BOARD OF EDU**

PLAINTIFF'S EXHIBIT

*Policy (cont.)*

The Complaint Manager will not require a student or parent complaining of any form of harassment to attempt to resolve allegations directly with the accused (or the accused's parents); this includes mediation.

This grievance procedure shall not be construed to create an independent right to a hearing before the Superintendent or Board. The failure to strictly follow the timelines in this grievance procedure shall not prejudice any party.

**Coordinator for Nondiscrimination and Complaint Manager(s)**

1. *Coordinator for Nondiscrimination/Title IX Coordinator.* The Superintendent shall appoint a Coordinator for Nondiscrimination to manage the District's efforts to provide equal employment, access and educational opportunities and to prohibit the harassment of employees, students and others. The Coordinator also serves as the District's Title IX Coordinator.

   The Coordinator may be contacted for information or to file a complaint at:

   > Coordinator for Nondiscrimination/
   > Title IX Coordinator
   > Waukegan Public Schools
   > 1201 N. Sheridan Rd.
   > Waukegan, IL 60085
   > Telephone: 224-303-1025
   > nondiscrimination_coordinator@wps60.org

2. *Complaint Managers.* In addition, the Superintendent or his/her designee may appoint, as needed, a core group of administrators to serve as Complaint Managers to assist the Coordinator in investigating complaints filed under this policy. The District will strive to develop a core group of Complaint Managers that is reflective of the diversity within the community which the District serves and provides equal employment opportunities.

3. *Notice.* The Superintendent or his/her designee shall identify, publish and update when needed the name, title and contact information (address, telephone, email address) for the Coordinator and Complaint Managers in the District's parent/student handbook, on the District's website and in employee handbooks, if any. Notice of how to file a complaint, including contact information for the Coordinator and Complaint Managers also is to be posted on employee and public bulletin boards.

**Rights to Pursue Other Remedies not Impaired**

The right of a person to prompt and equitable resolution of a complaint filed hereunder shall not be impaired by the person's pursuit of other remedies, e.g. criminal complaints, civil actions. Use of this grievance procedure is not a prerequisite to the pursuit of other remedies and use of this grievance procedure does not extend any filing deadline related to the pursuit of other

**WAUKEGAN COMMUNITY SCHOOL DISTRICT NO. 60**       **2110**

Uniform Grievance Procedure       Page 3 of 6

*Rights to Pursue Other Remedies not Impaired (cont.)*

remedies. If a person is pursuing another remedy subject to a complaint under this policy the District will continue with a simultaneous investigation under this policy.

## RULES AND REGULATIONS

### Deadlines

All deadlines under this procedure may be extended by the Complaint Manager or Coordinator as s/he deems appropriate.

As used in this policy "school business days" means days on which the District's main office is open.

### Filing a Complaint

A person who wishes to avail him or herself of this grievance procedure (Complainant) may do so by filing a good faith complaint with the District's Coordinator or a Complaint Manager. The Complainant shall not be required to file a complaint with a particular Complaint Manager and the Complainant may request a Complaint Manager of the same gender race or ethnicity, if available.

The Coordinator or Complaint Manager may request the Complainant to provide a written statement regarding the nature of the complaint or require a meeting with a student's parent(s). The Complainant shall be assisted as needed in filing a complaint, including being advised how to file a complaint or putting the Complainant's verbal complaint in writing for verification by the Complainant.

The Coordinator shall be informed of all complaints, and the Coordinator may notify other supervisory staff with a need to know. Additionally, the head of the Division of Human Resources and Employee Relations shall be notified of all complaints involving school personnel.

### Complaint Assignment

The Coordinator shall appoint at least one Complaint Manager to investigate the complaint. This may or may not be the same individual to whom the complaint originally is reported. The Coordinator also may serve as the assigned Complaint Manager. However, if the complaint involves:

1. The Coordinator, the Superintendent shall be advised of the complaint and assign a Complaint Manager;

2. The Superintendent, the District's legal counsel shall manage the investigation, in consultation with the Board President.

**BOARD OF EDUCATION**

*Complaint Assignment (cont.)*

The Coordinator or his/her designee may seek the assistance of legal counsel or other qualified third parties in responding to complaints.

## Investigation

The assigned Complaint Manager will investigate the complaint. The Complaint Manager shall ensure both parties have an equal opportunity to present evidence during an investigation. If the Complainant is a student under 18 years of age or has a court appointed legal guardian, the Complaint Manager will notify his or her parent or legal guardian that s/he may attend any investigatory meetings in which his/her child is involved.

1. ***Confidentiality.*** The complaint and identity of the Complainant will not be disclosed except: (1) as required by law or any collective bargaining agreement; (2) as necessary to fully investigate the complaint, or (3) as authorized by the Complainant, in writing.

2. ***Witnesses.*** The identity of any student witnesses will not be disclosed except: (1) as required by law or any collective bargaining agreement; (2) as necessary to fully investigate the complaint, or (3) as authorized by the parent of the student witness, or by the student, if parental rights have transferred.

3. ***Investigation Report.*** The Complaint Manager shall make best efforts to complete the investigation and file a written report of his or her findings with the Coordinator and/or Superintendent or, when applicable, Board President, within 60 calendar days of the date of receipt of the complaint. If the Complaint Manager determines an extension of time is necessary, the Complaint Manager shall notify the Complainant, the accused and the Coordinator, Superintendent or Board President, as applicable, of the length of the extension and the reasons therefor.

4. ***Board Notice.*** The Superintendent or his/her designee will keep the Board informed of all complaints. If the complaint involves the Superintendent, the Board's legal counsel shall keep the Board informed.

## Decision and Appeal

Within 5 school business days after receiving the Complaint Manager's report, the Superintendent shall mail his or her written decision to the Complainant and the accused by certified U.S. Mail, return receipt requested. A copy of the decision also shall be issued to the Coordinator and the staff person responsible for the program or activity where the offense occurred. Reports involving the Superintendent shall be reviewed at the next regularly scheduled meeting of the Board. All decisions shall be based on a preponderance of the evidence standard.

Within 10 school business days after receiving the Superintendent's decision, the Complainant or the accused may appeal the decision to the Board by making a written request to the Coordinator. The Coordinator shall promptly forward all materials relative to the complaint and appeal to the Board. Within 30 school business days, the Board shall affirm, reverse, or amend the

**WAUKEGAN COMMUNITY SCHOOL DISTRICT NO. 60**　　　　　**2110**

*Decision and Appeal (cont.)*

Superintendent's decision or direct the Superintendent to gather additional information. Within 5 school business days of the Board's decision, the Superintendent shall inform the Complainant and the accused of the Board's action, which shall be final, except as set forth below.

When the complaint or grievance alleges violation of gender equity laws, the decision of the Board may be further appealed to the Regional Superintendent of Schools and, thereafter, to the State Superintendent of Education, as provided in Section 200.40(c)(2) of the ISBE "Sex Equity" regulations (23 Ill. Admin. Code 200 *et seq.*) This appeal timeline shall be governed by rules established by the ISBE.

| Source: | | |
|---|---|---|
| | 105 ILCS 5/2-3.8 | Hear and Determine Controversies |
| | 105 ILCS 5/3-10 | Controversies - Opinion and Advice – Appeal |
| | 105 ILCS 5/10-20.7a | Appoint Teachers and Fix Salaries |
| | 105 ILCS 5/10-20.12 | School Year – School Age |
| | 105 ILCS 5/10-22.5 | Assignment of Pupils To Schools - Non-resident Pupils - Tuition - Race Discrimination |
| | 105 ILCS 5/14A-25 | Nondiscrimination (Gifted & Talented Children) |
| | 105 ILCS 5/24.4 | [Discrimination Prohibited; Violation; Penalty] |
| | 105 ILCS 5/27.1 | Areas of Education Taught – Discrimination on Account of Sex |
| | 105 ILCS 5/27-23.7 | Bullying Prevention |
| | 740 ILCS 23/5 | *Illinois Civil Rights Act of 2003* |
| | 820 ILCS 70/1 *et seq.* | *Employee Credit Privacy Act* |
| | 820 ILCS 180/20(f) & 180/30 | *Victims' Employment Sustainability; Prohibited Discriminatory Acts (VESSA)* |
| | 820 ILCS 112/1 *et seq.* | *Equal Pay Act of 2003* |
| | Ill. Const., art. I, § 2 | Due Process and Equal Protection |
| | Ill. Const., art. I, § 3 | Religious Freedom |
| | Ill. Const., art. I, § 18 | No Discrimination on the Basis of Sex |
| | 8 USC §1324a *et seq.* | *Immigration Reform and Control Act* |
| | 20 USC §1681 *et seq.* | Title IX of the *Education Amendments of 1972* |
| | 29 USC §206(d) | *Equal Pay Act of 1963* |
| | 29 USC §2079(r)(1) | Reasonable Break Time for Nursing Mothers |
| | 29 USC §621 *et seq.* | *Age Discrimination in Employment Act* |
| | 29 USC §791 *et seq.* | *Rehabilitation Act of 1973* |
| | 38 USC §4301 *et seq.* | *Uniformed Services Employment and Reemployment Rights Act* |
| | 42 USC §6102 *et seq.* | *Age Discrimination Act of 1975* |
| | 42 USC §2000d *et seq.* | Title VI of the *Civil Rights Act of 1964* |
| | 42 USC §2000e(k) | *Pregnancy Discrimination Act* |
| | 42 USC §2000e-2(a)(1) | Title VII of the *Civil Rights Act of 1964* |
| | U.S. Const., amend I | Freedom of Religion and Expression |

**BOARD OF EDUCATION**

**WAUKEGAN COMMUNITY SCHOOL DISTRICT NO. 60**     **2110**

**Uniform Grievance Procedure**     Page 6 of 6

Cross Ref.:
| | |
|---|---|
| 1106 | Access to School Grounds and Buildings |
| 1201 | Relationship Between the Public and School Personnel |
| 4002 | Harassment Prohibited |
| 4101 | Recruitment, Selection And Appointment |
| 4102 | Employment Qualifications |
| 4103 | Employment Qualifications – Background Checks |
| 4504 | Citizen Complaints Regarding Personnel |
| 5218 | English Learners Program |
| 6020 | Equal Educational Opportunity and Nondiscrimination |
| 6021 | Harassment of Students Prohibited |
| 6022 | Students with Disabilities Under Section 504 |
| 6046 | Prohibition Against Bullying |
| 7010 | Free Appropriate Public Education |

Adopted:     March 28, 2017

**BOARD OF EDUCATION**

**Steve Glink**

| | |
|---|---|
| **From:** | Kathryn VanderBroek <kvanderbroek@wps60.org> |
| **Sent:** | Monday, July 8, 2019 12:59 PM |
| **To:** | Steve Glink |
| **Cc:** | Thomas Morris |
| **Subject:** | Re: Information Request - Director Appointment & FOIA Response Extension |

Steve:

We have considered your position and disagree that Lori qualifies as an Assistant Principal, has a contract as Interim Director until mid September, 2019 or has been discriminated against or retaliated against as contemplated by the Illinois Whistle Blower Act or nondiscrimination laws. The District stands on its correspondence from Tom Morris to Lori dated May 3, 2019 and May 7, 2019. We will be reviewing our current position on the discrimination claims once we receive the findings of the investigation undertaken by Robbins Schwartz. Should our position change, we will let you know.

Sincerely,

**Kathryn Vander Broek**
Deputy General Counsel
Waukegan Community Unit School District No. 60
1201 N. Sheridan Rd., Waukegan, IL 60085
O: 224-303-1167

On Fri, Jun 28, 2019 at 11:16 AM Steve Glink <steve@educationrights.com> wrote:

Kathryn: Thank you for your professional courtesy in copying me on this email. Appreciate that.

There are several legal issues with the board's recent actions:

1. Based on the letter dated 9/19/18, Lori has an express or implied contract as the Director of Diverse Learners until 9/19/19 at a salary of $125,000 + benefits. The board's unilateral statement that Lori's salary is being reduce effective 7/19/19 to $79,000 is a breach of that contract. I am demanding that the board fulfill its contractual/financial obligation to my client ($125,000) until 9/19/19;

2. In addition, under 23 Ill. Adm. Code 50.30, Lori meets the legal definition of an assistant principal. As you know well, under § 23.8b, the board was required to give Lori written notice of their intent to reclassify her to a position for which a lower salary is going to be paid by 4/1/19. They did not do that. Therefore, it is my position that the board is legally obligated to pay Lori the $125,000 salary for the entire 19-20 school year regardless of the position to which she is assigned;

3. We believe that the board's recent actions against Lori are retaliatory for her complaints about a hostile work environment (based on race) AND Lori's reports to Tom of illegalities (violations of IDEA) in the district;

1



4.  Lori is still being victimized based on her race.

I want some written confirmation no later than July 12th that the board is going to honor its financial obligations to Lori through 6/20/20. If we do not get that, we will file a lawsuit in the Circuit Court of Lake County to enforce her rights.

We will also include a count under the Illinois Whistleblower Act as she is being punished (demoted and salary reduction) for reporting and opposing illegal behaviors.

The racial issues will be addressed at EEOC and/or IDHR. And by the way, she is not the only white employee who has experienced a racially hostile workplace. With all due respect, I think you and Tom need to take a serious look at that, especially because the board has made public statements indicating their intent to discriminate against white employees (e.g. the composition of the staff needs to be the same as the composition of our students). I heard Dr. Plascencia has made similar statements. That suggests to me an intent.

I look forward to your response.

Steven E. Glink

Attorney at Law

3338 Commercial Avenue

Northbrook, Illinois 60062

847-480-7749 (voice)

847-480-9501 (facsimile)



**From:** Kathryn VanderBroek [mailto:kvanderbroek@wps60.org]
**Sent:** Thursday, June 27, 2019 3:57 PM
**To:** Lori Smith

2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | AMENDED |
| | ☒ EEOC | 440-2019-04488 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Lori L. Smith | (224) 588-6930 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 3417 E. Mardan Drive, Long Grove, IL 60047 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| WAUKEGAN PUBLIC SCHOOL DISTRICT 60 | 500 or More | (224) 303-1121 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1201 N. Sheridan Road, Waukegan, IL 60085 | |

RECEIVED EEOC
OCT 07 2019
CHICAGO DISTRICT OFFICE

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |
| ☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | 06-26-2019 |
| ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent as Director of Diverse Learning in or around September 2018. During my employment, I have been subjected to intimidation, harassment and different terms and conditions of employment than my non-White peers, including but not limited to, having to attend board meetings. I complained about race discrimination and ethical violations, to no avail. As a result of my complaints, I was demoted. Also, I applied and was interviewed for the position of Director of Diverse Learning around June 2019. I was not selected for the position while a less qualified male was hired.

I believe I was discriminated against because of my race, White, sex, female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10·6·19 *Date* — *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

PLAINTIFF'S EXHIBIT
E

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Lori L. Smith<br>3417 E. Mardan Drive<br>Long Grove, IL 60047 | From: Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **AMENDED**<br>**440-2019-04488** | **Sarronda Harris,**<br>**Investigator** | **(312) 872-9728** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_Julianne Bowman,_ _02/25/2020_
**Julianne Bowman,** (Date Mailed)
**District Director**

Enclosures(s)

cc: **WAUKEGAN PUBLIC SCHOOL DISTRCT 60**
c/o Linda K. Horras
**Hinshaw & Culbertson, LLP**
**151 N, Franklin Street**
**Suite 2500**
**Chicago, IL 60606**

PLAINTIFF'S
EXHIBIT
F



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn, Suite 1866
Legal & ADR, Suite 2920
Chicago, IL 60604
PH: (312) 872-9777
TTY: 1-800-669-6820
FILE REVIEWS & ENFORCEMENT FAX: (312) 588-1260

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to Sylvia Bustos and either mailed to the address above, faxed to (312) 588-1260 or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). **Be sure to include your name, address, phone number and EEOC charge number with your request.**

If you are the Charging Party and a Notice of Right to Sue has been issued, you may be granted access to your file:

➢ Before filing a lawsuit, but within 90 days of your receipt of the Right to Sue, or
➢ After your lawsuit has been filed. If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) -**OR**- enough pages to determine whether it was filed based on the EEOC charge.

If you are the ***Respondent*** you may be granted access to the file ***only after*** a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, WILL NOT BE DISCLOSED TO EITHER PARTY.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file, which will be sent to you after receipt of your written request (Statues enforced by the EEOC prohibit the agency from making investigative information public).

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office by a requester.

Your file will be copied by **Aloha Print Group**. You are responsible for copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, **it is recommended that you first review your file** to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, **and you will be responsible for the cost**. Payment must be made directly to Aloha Print Group, which charges 15 cents per page, plus a fee for shipping via FedEx.

(Revised 11/19/2019)

## PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

IF THE FIRST THREE CHARACTERS OF YOUR EEOC CHARGE NUMBER ARE "21B" AND YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE MUST BE DIRECTED TO IDHR.

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

## ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

## DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.

**From:** Theresa Plascencia <tplascencia@wps60.org>
**Date:** February 20, 2019 at 1:06:27 PM CST
**To:** Lori Smith <losmith@wps60.org>
**Cc:** Eduardo D Cesario <ecesario@wps60.org>, Nicholas Alajakis <nalajakis@wps60.org>,
Kathryn VanderBroek <kvanderbroek@wps60.org>
**Subject: Re: Menta Presentation**


Thank you. I just want to ensure we have consistency in how we get information to the
Board. Thanks for understanding.

On Wed, Feb 20, 2019 at 1:05 PM Lori Smith <losmith@wps60.org> wrote:
Absolutely. I was planning on sending it to Nick anyway. This is the first time she has reached
out to me directly. I'll make sure to forward anything on to nick should I receive any further
correspondence.

Lori Smith
Director of Diverse Learners
Waukegan Public School District 60

On Feb 20, 2019, at 1:03 PM, Theresa Plascencia <tplascencia@wps60.org> wrote:

Lori,

Our communication protocol is that Nick is the only one that corresponds with the board outside
of Legal and the Superintendent's Office. Please provide Nick what you are preparing and he
will get it out to the whole Board for consistency. Thank you for your quick response.

On Wed, Feb 20, 2019 at 12:59 PM Lori Smith <losmith@wps60.org> wrote:
Hello Mrs. Wozniak,
I'll be sure to get that further breakdown for you as soon as possible. I will also double check
the numbers from the slides. I'm out of the office today but will certainly get one of my staff
on this right away.
Thank you for bringing this to my attention.

Lori Smith
Director of Diverse Learners
Waukegan Public School District 60

On Feb 20, 2019, at 12:04 PM, Charlotte Callahan Wozniak <ccallahanwozniak@wps60.org>
wrote:

I was looking for a further breakdown - besides race, I would like to know gender and age of
each child at each location.



I also have a question on the counts furnished. For the 2017-2018 year, page 7 of the original slides says that there were 115 students outplaced but if I add up the numbers on page 24 for the same period there is a total 120. I didn't have the prior years counts to compare those.

Char

--

Charlotte Callahan Wozniak

Waukegan Public Schools
Community Unit School District #60
School Board Member

On Tue, Feb 19, 2019 at 2:30 PM Lori Smith <losmith@wps60.org> wrote:
Will do.

Lori Smith
Director of Diverse Learners
Waukegan Public School District 60

Emaill: losmith@wps60.org
Work: 224-303-1122

> On Feb 19, 2019, at 2:28 PM, Theresa Plascencia <tplascencia@wps60.org> wrote:
>
> Lori,
>
> Char requested the presentation you gave at the African American Male Summit to list numbers as well as percentages. I know the rationale for not listing numbers for confidentiality however, it would be fine to give these numbers to the Board. Please get this to Nick by Thursday and he will forward it to the Board.